EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3548
     Facsimile: (714) 338-3561
     E-mail:    anne.gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<div align="center">

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

</div>

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>                Defendant. | No. SA CR 15-63-JLS<br><br>GOVERNMENT'S MOTION IN LIMINE TO ADMIT CHILD PORNOGRAPHY IMAGES AND VIDEOS<br><br>**CURRENT TRIAL DATE:    8/11/15** |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby moves in limine for a pretrial order granting the admissibility of select child pornography images and videos.  This motion is based on the attached Memorandum of Points and Authorities,

\\

\\

\\

\\

\\

\\

1   the files and records in this case and any further evidence or

2   argument as may be presented at the hearing on the motion.

3   Dated: July 27, 2015                Respectfully submitted,

4                                       EILEEN M. DECKER
                                        United States Attorney
5
                                        DENNISE D. WILLETT
6                                       Assistant United States Attorney
                                        Chief, Santa Ana Office
7

8   _____/s/_____
                                        ANNE C. GANNON
9                                       Assistant United States Attorney

10                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I. INTRODUCTION

Defendant is currently charged with two counts of distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2), (b)(1) and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2).  Trial is scheduled for August 11, 2015.  The Court should rule that a limited selection of child pornography is admissible to prove the necessary elements of the charged offenses.

II.  ARGUMENT

A.  The Government is Entitled to Introduce a Limited Selection of Child Pornography

Whether an image of a naked child meets the statutory definition of child pornography is a factually intense determination that the Ninth Circuit has held must be made by the jury.  <u>United States v. Arvin</u>, 900 F.2d 1385, 1391 (9th Cir. 1990) ("The distinction between a pornographic depiction and an innocent one is a distinction the jury should be able to make from its own experience.").

In order to decide if a crime has been committed, the jury must determine if the images are: (1) pornographic; (2) of minors; and (3) depict actual or "real" children.  The Ninth Circuit and several other courts have held that the jury can decide both the age of the child and whether the child is "real" from simply looking at the images alone.  <u>United States v. Rearden</u>, 349 F.3d 608, 614 (9th Cir. 2003) (Expert medical testimony not necessary where "obvious from the pictures themselves that they are children"); <u>United States v. Sims</u>, 428 F.3d 945, 957 (10th Cir. 2005) (juries can determine based on the image alone and without expert evidence, that the image is actual)

1   (quotations omitted); United States v. Slanina, 359 F.3d 356, 357

2   (5th Cir. 2004) (per curiam); United States v. Vig, 167 F.3d 443, 449

3   50 (8th Cir. 1999).  Here, the government proposes introducing 20

4   images and 10 videos of child pornography.  Taken together, these

5   images and videos represent a small selection based on the seizure of

6   approximately 1,800 images and videos depicting minors recovered from

7   defendant's computer.

8       In addition to proving that child pornography, not innocent

9   pictures, were possessed on defendant's computer and distributed by

10  defendant via a peer-to-peer file sharing network, the government

11  must also prove defendant's knowledge.  This knowledge requirement

12  applies both to the sexually explicit nature of the material and to

13  the age of the performers pictured.  United States v. X Citement

14  Video, Inc., 513 U.S. 64, 78 (1994).  Proving a defendant's state of

15  mind is challenging, as there is rarely direct evidence of mental

16  state.  Id. at 85 (Scalia, J., dissenting) (defendant's knowledge of

17  performers' age is obviously hard to prove).  Given the high burden

18  the government must meet to establish defendant's knowledge that the

19  pictures contained children, were pornographic, and depicted real

20  children, the probative value of the proposed exhibits outweighs any

21  prejudicial effect.  United State v. Mende, 43 F.3d 1298, 1302 (9th

22  Cir. 1995) ("Relevant evidence is inherently prejudicial; but it is

23  only unfair prejudice, substantially outweighing probative value,

24  which permits exclusion of relevant matter under Rule 403.")

25      Here, defendant made admissions regarding some of his conduct

26  but declined to fully discuss his involvement during his interview.

27  Thus, the burden rests with the government to prove that a reasonable

28  person viewing the images would have the required mental state.  The

4

government will be asking the jury to infer from the proposed exhibits that defendant would have known that such pictures depict children not adults, were pornographic, and were created using actual children.  United States v. Becht, 267 F.3d 767, 774 (8th Cir. 2001) ("Only by viewing the images could the jury understand how likely it was that even a glance [by defendant] would have revealed the presence of illegal images.")

To determine what a reasonable person viewing the images and videos would have known will require the jury to examine the material.  Details like realistic facial expressiveness, use of the same children multiple times in a series, clothing worn, or highly detailed backgrounds (such as carpet or furniture) of a picture can show that defendant must have known the performers were real children.  See United States v. Marchand, 308 F.Supp.2d 498, 507 (D.N.J. 2004); United States v. Pabon Cruz, 255 F.Supp.2d 200, 213 (S.D.N.Y. 2003) ("pornographic photos were extremely relevant" to whether defendant knew children in photos were real).

The Ninth Circuit has affirmed the introduction of child pornography even in cases where the defendant offered to stipulate. See United States v. Ganoe, 538 F.3d 1117 (9th Cir. 2008) (district court did not abuse its discretion in ruling that probative value of selection of images was not substantially outweighed by danger of unfair prejudice.  Although defendant offered to stipulate images represented actual children engaged in sexual conduct and that anyone seeing them would know they were child pornography, he refused to stipulate that file titles alone would convey to reasonable user that files contained child pornography, leaving government obliged to prove that he was aware of images' content); United States v. Hay,

1   231 F.3d 630 (9th Cir. 2000) (Allowing the jury to view child

2   pornography was not unduly prejudicial).

3        Here, the government proposes introducing the following five

4   videos that were downloaded by Detective David Syvock, Newport Beach

5   Police Department, from defendant's peer-to-peer file sharing account

6   on October 16, 2014.  Count One of the Indictment specifically

7   charges the distribution of the contents of file name (~pthc

8   center~)(opva)(2013)Cumming over loli_s pussy 2010 7yo_and_Dad

9   BRILLIANT.wmv.

10     1) File name: (~pthc center~)(opva)(2013) 11yo boy&girl in the

11        childs camp.avi

12        Description: This video is 3:41 in length and begins with a

13        partially nude female child performing oral sex on what

14        appears to be a juvenile male.  The female is then seen

15        sitting on the edge of the bed as she spreads her vagina and

16        a person just off camera is seen holding a cell phone.  The

17        female child is then seen donning her underpants as a

18        prepubescent male is seen exposing his genitals to the

19        camera.  The female child then begins to perform oral sex on

20        the male child before removing her underpants and sitting on

21        his genitals.  The children appear to be having sexual

22        intercourse for several minutes before the video abruptly

23        ends.

24     2) File name: (~pthc center~)(opva)(2013)Cumming over loli_s

25        pussy 2010 7yo_and_Dad BRILLIANT.wmv

26        Description: This video is 1:26 in length and begins with a

27        prepubescent child exposing her vagina.  An adult male is

28        then seen from the waist down as he rubs his erect penis

against the child's vagina. The adult male continues rubbing and inserting his penis into the child's vagina before he ejaculates on her genitals and legs.

3) File name: PTHC Pedoland Frifam Webcam – 11Yo Pt – Spoiled Princess Shows All Stickam.avi
Description: This video is 1:35 in length and begins with a female child, approximately 11-12 years old, wearing a blue bathrobe sitting in front of a camera. As the video continues, the child is seen opening her robe, removing her pajama pants and underwear before inserting her fingers into her vagina. The child then looks into the camera and sticks her tongue out before exposing her anus. Before the video abruptly ends, the child is seen exposing her underdeveloped breasts to the camera.

4) File name: 2 11 Yr Bate Omfg!!!! Stickam Xxcaliaxx2.avi
Description: This video is 3:00 in length and depicts two 9-11 year old females. The first female child removes her shorts and underwear and displays her vagina. The second female child removes her shorts and underwear and displays her anus and vagina. Later, the two girls are depicted fully naked displaying their vaginas and underdeveloped breasts.

5) File name: [pthc 2013] 8yo Daughter BJ Daddy [Webcam] – by Nibra Productions.flv
Description: This video is 6:24 in length and begins with a female child approximately 8-9 years old facing the camera. The child appears to be talking to someone off camera when an adult male's penis appears from the left side of the screen. The child immediately begins performing oral sex on the male.

1      The penis then disappears from the screen and the child

2      remains on camera for several more minutes until the video

3      abruptly ends.

4          The government proposes introducing a portion of the following

5  video that was downloaded by Detective David Syvock, Newport Beach

6  Police Department, from defendant's peer-to-peer file sharing account

7  on December 29, 2014.  Count Two of the Indictment specifically

8  charges the distribution of the contents of file name Kidcam – Mirey

9  -12Y (2010)Pthc!!.avi.

10         6) File name: Kidcam – Mirey -12Y (2010)Pthc!!.avi.

11         Description:  This video is 1:58 in length and begins with a

12     pubescent female exposing her vagina to the camera.  The

13     female's face is not immediately visible in the video.  At 25

14     seconds into the video, the camera focuses on the female's

15     face and she appears to be approximately 13-14 years old.

16     The child is lying on her back with her legs spread as she

17     fondles her breast over her clothes.  The camera then pans

18     back to the child's vagina and anus as she remains on her

19     back.  The child eventually stands in front of the camera as

20     she dons her underpants and the video abruptly ends.

21         Child pornography images and videos are relevant and admissible

22  to prove Count Three of the Indictment which alleges that defendant

23  possessed, on the date law enforcement executed a search warrant at

24  his residence, at least one image of child pornography on a HP

25  computer tower.  The six videos detailed above were recovered from

26  the HP computer.  In addition to these videos, the government moves

27  to admit four additional videos and 20 still images of child

28

8

pornography recovered from digital devices seized at defendant's residence.

III. CONCLUSION

For the reasons set forth above, the government's motion to limine for an order admitting select child pornography images and videos should be granted.