HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
CUAUHTEMOC ORTEGA (Bar No. 257443)
(E-Mail: cuauhtemoc_ortega@fd.org)
ANDREA JACOBS (Bar No. 236892)
(E-mail: andrea_jacobs@fd.org)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
Todd Christian Hartman

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>Todd Christian Hartman,<br><br>   Defendant. | Case No. SA 15-63-JLS<br><br>**OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT CHILD PORNOGRAPHY IMAGES AND VIDEOS** |

Todd Christian Hartman, by and through his attorneys of record, Deputy Federal Public Defenders Cuauhtémoc Ortega and Andrea Jacobs, files his opposition to the government's motion *in limine* to admit child pornography images and videos.

                                                Respectfully submitted,

                                                HILARY POTASHNER
                                                Federal Public Defender

DATED: September 18, 2015    By */s/ Cuauhtémoc Ortega & Andrea Jacobs*
                                                ANDREA JACOBS
                                                CUAUHTÉMOC ORTEGA
                                                Deputy Federal Public Defenders

# OPPOSITION MEMORANDUM

## I.

## INTRODUCTION

On July 27, 2015, the government filed a motion *in limine* to admit 10 videos and 20 still images of child pornography at trial (hereinafter, "Gov't MIL"). Counsel for Mr. Hartman reviewed some of the proposed videos and still images on August 17, 2015. Mr. Hartman will stipulate that the files reviewed by counsel are "(1) pornographic; (2) of minors; and (3) depict actual or 'real' children." (Gov't MIL, at 3). The government is unwilling to make this stipulation. Mr. Hartman opposes the admission and displaying of any child pornography videos or still images to the jury at trial; at minimum, he requests that this Court limit the images admitted and displayed to those specifically referenced in the indictment.

The admission and displaying of any additional videos or images will create a risk of unfair prejudice, result in the presentation of cumulative evidence, and re-victimize the subject children. In the Court's Rule 403 analysis, it must factor in Mr. Hartman's willingness to reach a stipulation with the government regarding the content of the child pornography files. *See Old Chief v. United States*, 519 U.S. 172, 186 (1997) (Rule 403 required the court to critically "evaluate the degrees of probative value…not only for the item in question but for any actually available substitutes as well."); *see also United States v. Merino-Balderrama*, 146 F.3d 758, 762 (1998)(allowing jurors to view pornographic films over defendant's objection to prejudicial effect of evidence and offer to stipulate to his knowledge of the nature of the films was abuse of discretion despite cautionary instruction).

## II.

## ARGUMENT

The government cites *United States v. Ganoe*, 538 F.3d 1117 (9th Cir. 2008) for its position that it does not have to stipulate with Mr. Hartman regarding the characterization of the evidence as child pornography. In *Ganoe*, the district court

directed the parties to come to an agreed stipulation that would make the introduction of the child pornography images "unnecessary." 538 F.3d at 1120. Because defendant Ganoe refused to agree that either a reasonable person would know the images were child pornography upon viewing them or by reading the file titles, the district court allowed the government to admit into evidence only 10 images lasting merely a few seconds per image. *Id.* at 1121. Therefore, the issue in *Ganoe* was not that the government can merely refuse to stipulate outright, but that the parties could not reach a stipulation after the court directed them to try. The Ninth Circuit upheld the district court's decision that defendant Ganoe's "proffered stipulation was incomplete." *Id.* at 1123. Based on the government's reliance on *Ganoe* here, Mr. Hartman requests this Court to further question the government as to why it refuses to stipulate with him and for the Court to direct the parties to attempt to reach a reasonable stipulation so that it is unnecessary for the jurors to view the images.[1]

The government has the burden to prove that the images allegedly possessed by Mr. Hartman contain minors involved in "sexually explicit conduct." *See* 18 U.S.C. § 2256(2)(A). In order to prove "sexually explicit conduct" the government need only show "lascivious exhibition of the genitals or pubic area of any person." *See* 18 U.S.C. § 2256(2)(B)(iii). In other words, videos showing oral sex or sexual intercourse are not necessary. The images and videos proposed by the government are unnecessarily prejudicial and cumulative. If the parties cannot come to a stipulation, at minimum, the images should be limited to brief snippets of only those images specifically named in the indictment to avoid unfair prejudice to Mr. Hartman. *See Ganoe* at 1124 ("we emphasize that each of the clips was derived from files charged in the indictment.)."

---

[1] As this Court may already be aware, the Clerk of the U.S. District Court makes available Court-funded therapy to jurors who serve on cases involving child pornography. Therefore, it is in the best interests of all to make the viewing of child pornography images unnecessary.

3

**A.     The Government's Proposed Evidence is Unfairly Prejudicial**

"Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice…or needless presentation of cumulative evidence." Fed. R. Evid. 403. In evaluating the probative value of the proffered evidence that Court must also take into consideration actual available substitutes. *Old Chief*, 519 U.S. at 182. The alternatives in this case include both Mr. Hartman's proffered stipulation, as well as the descriptive file names of the images and videos.

Mr. Hartman takes the position that showing the jury *any* child pornography is unduly prejudicial. For most people, viewing child pornography is traumatizing and upsetting. These emotions will be unnecessarily directed toward the defendant, and could lead the jury to convict based on emotions alone.

Moreover, by forcing the jury to view child pornography the government is inadvertently contributing to the re-victimization of the child victims. The re-victimization argument is consistently used by the government in child pornography cases when seeking lengthy sentences and restitution awards. The argument that this is not re-victimization because Mr. Hartman's alleged actions put the government to the task of convicting him misses the point because the government could easily stipulate with Mr. Hartman that the images are child pornography without putting the jurors, and the victims, through the offensive process of viewing the images.

In *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012), the Court of Appeals held that the district court should have viewed the proposed child pornography video and images to make the Rule 403 analysis. The Court of Appeals further stated that some of the proposed images should have been excluded. *Cunningham*, 694 F.3d at 390 ("the detailed descriptions we have received show that at least two of [the videos] should clearly have been excluded under Rule 403."). The Court was confident that the "probative value of some of the video excerpts was 'so minimal that it [was] obvious…that the potential prejudice to the defendant substantially outweigh[ed] any probative value that [they] may have.'" *Id*. at 391.

4

1  The video and images sought to be produced by the government here are
2  prejudicial in a variety of respects.  First, the proposed number of images far exceeds
3  what is actually charged in the indictment.  Second, the proposed images display
4  extremely graphic content that goes far beyond the "lascivious exhibition of the genitals
5  or pubic area of any person."  *See* 18 U.S.C. § 2256(2)(B)(iii).  For example, Video File
6  1) listed in the government's motion graphically shows children performing oral sex
7  and sexual intercourse on each other.  Video File 2) is equally disturbing as it shows up
8  close an adult male penis being inserted into a child's vagina.  Video File 5) is just as
9  explicit and zoomed in as Video File 2).  It shows a little girl talking to the camera and
10 then an adult penis comes into view from the left at which point the little girl grabs it
11 with her right hand and starts performing oral sex.
12 These videos are highly inflammatory and go far beyond showing the commonly
13 understood definition of child pornography: lascivious photographs of children's
14 genitals.  The proposed videos showing graphic sexual acts are upsetting to watch and
15 patently prejudicial.  In conjunction with these three disturbingly graphic videos, the
16 government seeks to produce an additional 7 videos and 20 still images of child
17 pornography, some of which have yet to be identified to defense counsel.

18 **B.     The Government's Proposed Evidence is Needlessly Cumulative**

19 The government seeks to admit a total of *10 videos* and *20 images* of child
20 pornography.  If the Court permits the government to present child pornography to the
21 jury, it should limit the quantity of images and videos displayed to avoid the needlessly
22 cumulative presentation of evidence.  Fed. R. Evid. 403.  In essence, the government
23 need only show that each count charged in the Indictment is tied to *one* image of child
24 pornography to meet its burden.  Admitting *30 pieces* of child pornography will lead to
25 the presentation of cumulative evidence.  This cumulative evidence will be
26 detrimentally harmful to both the jury viewing it and to Mr. Hartman's ability to have a
27 fair trial.
28

1 The more video excerpts and photo images shown, the more it becomes a needless presentation of unfairly prejudicial and cumulative evidence. In *Cunningham*, the Court found that even though two sets of videos were probative, "the law of diminishing marginal returns still operates" and the "probative value of each clip was reduced by the existence of the clips before it." 694 F.3d at 389. "[A]fter one excerpt from each video was displayed, the probative value of the remaining excerpts became diminished because knowledge of distribution, receipt, and possession had already been established." *Id*. at 390. The *Cunningham* court held that the "aggregate risk of unfair prejudice was tremendous." Id.

For these reasons, allowing the government to admit child pornography video and images beyond what is charged in the Indictment is unfairly prejudice and renders the evidence excessively cumulative.

### III.
### **CONCLUSION**

Mr. Hartman respectfully requests that, should the parties not arrive at a stipulation that the files the government seeks to admit constitute child pornography, the Court exclude all child pornography video and images beyond the three that would be at issue in Counts One through Three of the Indictment. Mr. Hartman further requests that any video files be limited in duration to a few seconds.