HILARY L. POTASHNER (Bar No. 167060)
Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
CUAUHTEMOC ORTEGA (Bar No. 257443)
Deputy Federal Public Defender
(E-mail: Cuauhtemoc_Ortega@fd.org)
ANDREA JACOBS (Bar No. 236892)
Deputy Federal Public Defender
(E-mail: Andrea_Jacobs@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
TODD CHRISTIAN HARTMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>　　　　Defendant. | Case No. SA CR 15-63-JLS<br><br>**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS; EXHIBIT A**<br><br>Hearing:　October 16, 2015<br>Time:　　11:30 am.<br><br>Est. Time: 10 Minutes |

　　　Defendant Todd Christian Hartman, through his attorneys of record, Deputy Federal Public Defenders Cuauhtémoc Ortega and Andrea Jacobs, hereby moves *in limine* for an order limiting the use of other crimes, wrongs or acts at trial, pursuant to Federal Rules of Evidence 404(b) and 401, 402, and 403 and 414. This motion is based on the attached Memorandum of Points and Authorities, exhibits, the files and records in this case, and any additional evidence or argument that may be presented to the Court prior to ruling on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The indictment charges Todd Christian Hartman with two counts of distribution and one count of possession of child pornography. Trial is set for October 27, 2015. By this motion, Mr. Hartman moves to exclude evidence of other crimes, wrongs or acts, described herein, pursuant to Federal Rule of Evidence 404(b), as well as Rules 401, 402, 403, and 414.

## II.

## ARGUMENT

### A.   Legal Standard

Rule 404(b) of the Federal Rules of Evidence prohibits the introduction of "other crimes, wrongs, or acts… to prove the character of a person in order to show action in conformity therewith." Such evidence is admissible only if offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b). The government bears the burden to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (internal quotations omitted).

In order for evidence of other crimes, wrongs or acts to be admissible under Rule 404(b), the Court must first find that: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) the act is similar to the offense charged. *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (citations omitted). If the government can show the offered evidence meets these requirements, the Court must then balance whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. *Id.*; *United States v. Arambula-Ruiz*, 987 F.2d 599, 602-03 (9th Cir. 1993). Evidence that poses a danger of

unfair prejudice, therefore, may be excluded under Rule 403.  Rule 403 also limits the admission of evidence if its probative value is substantially outweighed by the risk of confusion of the issues, misleading the jury, or by undue delay or waste of time.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402.  Only relevant evidence is admissible. *Id.*  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

**B.     Evidence Sought to be Excluded**

    **1.     Testimony of H.S. and Evidence of Journal Purportedly Containing Transcriptions of Text Messages**

In a letter dated September 16, 2015, the government provided notice to defendant that it "may introduce in its case-in-chief (1) evidence of the journal seized from defendant's residence containing handwritten transcriptions of text messages" and (2) the testimony of H.S.[1] (*See* Exhibit A).  From counsel's review of materials provided in discovery by the government, it appears the text messages in the journal purportedly occurred between Mr. Hartman and H.S.  The government provides no explanation in its notice regarding why the journal (which appears to date back to 2007) or the testimony of H.S. is relevant to Mr. Hartman's present charges, which relate to conduct that occurred between October 2014 and February 2015, or under what theory the evidence is admissible under Rule 404(b).

Therefore, Mr. Hartman submits that the government has not met--and cannot meet--its burden to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from" the evidence it seeks to admit. *Mayans*, 17 F.3d at 1181.  Even if the government can meet its burden under *Mayans*, Mr. Hartman submits that the evidence would be unfairly prejudicial, confuse the issues, mislead the

---

[1] Defendant refers to the individual by her initials to respect her privacy.

jury, create undue delay, and waste time.  Thus, the evidence should be excluded under Rule 403 even if the Court deems it admissible under Rule 404(b).  To the extent the government believes the evidence is admissible under Federal Rule of Evidence 414, Mr. Hartman will address the issue in his Reply, once he has reviewed the substance of the government's arguments.   Mr. Hartman disputes that the evidence is admissible under Rule 414.

### 2.     Videotaped Recording of Mr. Hartman's Interrogation

By separate motion, Mr. Hartman moves to suppress evidence of his statements to law enforcement on the date the search warrant was executed, February 5, 2015, as these were obtained in violation of *Miranda* and were not voluntary.  If the Court denies Mr. Hartman's motion, and allows evidence of his statements, Mr. Hartman moves for an order that the government must redact the video of his interview, if it intends to show it at trial, to exclude references to H.S. and the journal purporting to memorialize text messages with H.S.

The government has represented to defense counsel that, unless the defense opens the door, it will not seek to admit evidence at trial regarding certain uncharged allegations of prior inappropriate contact with minors and evidence of photographs Mr. Hartman purportedly took of minors and saved on digital devices. (Exhibit A).[2]   Mr. Hartman, therefore, moves for an order that the government must redact the video to exclude references to these matters, as well.

### 3.     All Other 404(b) Evidence for Which the Government Has Failed to Provide Reasonable Notice

To date, Mr. Hartman has not received other particularized notice of evidence the government might seek to admit under rule 404(b).  The Court should order excluded

---

[2] The exhibit has been redacted to exclude information that is the subject of a protective order.

4

any other 404(b) evidence for which the government has not provided specific notice to Mr. Hartman. Any notice at this point would fail to constitute "reasonable notice" under Rule 404(b)(2)(A).

## III.
## CONCLUSION

For the forgoing reasons, Mr. Hartman respectfully requests that the Court order excluded evidence regarding the aforementioned journal, the testimony of H.S., and any other Rule 404(b) evidence for which Mr. Hartman has not been provided with specific, reasonable notice.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: September 18, 2015     By  */s/ Cuauhtemoc Ortega & Andrea Jacobs*
CUAUHTEMOC ORTEGA
ANDREA JACOBS
Deputy Federal Public Defenders

5