# EXHIBIT A

(TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS; EXHIBIT A)

*U.S. v. Todd Christian Hartman*

SA CR 15-63-JLS



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Anne C. Gannon*
*Phone: (714) 338-3548*
*E-mail: anne.gannon@usdoj.gov*

*411 West Fourth Street*
*Suite 8000*
*Santa Ana, California 92701*

---

September 16, 2015

**VIA EMAIL**

Cuauhtemoc Ortega
Andrea Jacobs
Office of the Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, CA 92701

    Re:    <u>United States v. Todd Christian Hartman,</u>
              SA CR No. 15-63-JLS

Dear Mr. Ortega:

I have reviewed your September 9, 2015 request for discovery seeking the following:

1. An installable copy of the Peer Spectre program used by Detective David Syvock of the Newport Beach Police Department, as described in his Affidavit in Support of Search Warrant dated February 3, 2015. If different versions of the program exist, please provide a copy of the version used by Detective Syvock during his investigation of our client.

2. All documents in the government's possession, custody or control – and in the possession, custody or control or other law enforcement agencies involved with this investigation, including the Newport Beach Police Department – regarding Peer Spectre, including documents regarding the program's technical specifications.

3. All documents and records in the government's possession, custody or control – and in the possession, custody or control of other law enforcement agencies involved with this investigation, including the Newport Beach Police Department – regarding any other software, computer programs, or the like, used by Detective Syvock during his investigation of our client.

It is the government's current position that the defense is not legally entitled to these materials because the request is overbroad, the materials are protected by law enforcement privilege, and the defense has not established the materiality of these materials to any defense or claim.

Regarding your separate request concerning whether the government intends to introduce testimony from or evidence concerning the young girls and women referenced in the discovery, at this time, the government does not intend to introduce evidence or testimony at trial

Cuauhtemoc Ortega
RE: U.S. v. Hartman - Discovery Letter
September 16, 2015
Page 2

███████████████████████████ However, the government reserves the right to introduce evidence relating to these individuals if the defense opens the door to an issue making the evidence or testimony relevant. The government may introduce in its case-in-chief (1) evidence of the journal seized from defendant's residence containing hand written transcriptions of text messages and (2) the testimony of the young woman referred to the discovery as ████. The government will comply with its Jencks obligations as set forth in its original discovery letter.

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

/s/

ANNE C. GANNON
Assistant United States Attorney



Enclosure