EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3548
Facsimile: (714) 338-3561
E-mail: anne.gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>Defendant. | No. SA CR 15-63-JLS<br><br>GOVERNMENT'S REPLY TO MOTION IN LIMINE TO ADMIT CHILD PORNOGRAPHY IMAGES AND VIDEOS<br><br>**Motion Hearing: 10/16/15 11:00 a.m.**<br>**Time Estimate: 15 minutes** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby filed its reply to its motion in limine for a pretrial order granting the admissibility of select child pornography videos. This motion is based on the attached Memorandum of Points

\\

\\

\\

\\

\\

\\

\\

and Authorities, the files and records in this case and any further evidence or argument as may be presented at the hearing on the motion.

Dated: September 24, 2015

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office

/s/
ANNE C. GANNON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Defendant is currently charged with two counts of transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1), (b)(1) and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2). Trial is scheduled for October 27, 2015. On July 27, 2015, the government filed a motion requesting that the Court order that a limited selection of child pornography is admissible to prove the necessary elements of the charged offenses. On September 18, 2015, defendant filed an opposition to the government's motion arguing that the admission and displaying of child pornography videos and images will create a risk of unfair prejudice, result in the presentation of cumulative evidence, and re-victimize the subject children.

II. ARGUMENT

A. The Government is Entitled to Introduce a Limited Selection of Child Pornography

The Government is not obligated to accept Defendant's proposal to stipulate to certain elements of the crime in lieu of presenting any other evidence relating to that crime. A defendant's offer "to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." Old Chief v. United States, 519 U.S. 172, 183 (1997). Rather, the Government "is entitled to prove its case by evidence of its own choice," and "a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the

Government chooses to present it." Id. at 186-87. As the Court explained:

> In sum, the accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

Id. at 187-89. Far from seeking to shield the jury from the very evidence upon which it must rest its decision, the law recognizes that the Government must be permitted to tell its story in a manner that will meet the jurors' expectations:

> This persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them. Jury duty is usually unsought and sometimes resisted, and it may be difficult for one juror suddenly to face the findings that can send another human being to prison, as it is for another to hold out conscientiously for acquittal. When a juror's duty does seem hard, the evidentiary account of what a defendant has thought and done can accomplish what no set of abstract statements ever could, not just to prove a fact but to establish its human significance, and so to implicate the law's moral underpinnings and a juror's obligation to sit in judgment. Thus, the prosecution may fairly seek to place its evidence before the jurors, as much to tell a story of guiltiness as to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable as much as to point to the discrete elements of a defendant's legal fault. [citation omitted]
>
> But there is something even more to the prosecution's interest in resisting efforts to replace the evidence of its choice with admissions and stipulations, for beyond the power of conventional evidence to support allegations and give life to the moral underpinnings of law's claims, there lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof

> should be. Some such demands they bring with them to the courthouse, assuming, for example, that a charge of using a firearm to commit an offense will be proven by introducing a gun in evidence. A prosecutor who fails to produce one, or some good reason for his failure, has something to be concerned about.

Id. at 187-89.

Since the filing of the government's motion, it has focused its evidence and intends on introducing in its case-in-chief portions of the six videos related to the two transportation counts described in the government's motion and three additional videos recovered from defendant's computer, rather than the four additional videos and 20 still images contemplated in the government's motion. These three additional videos are relevant to count three which charges possession of child pornography. The three additional videos are contained in filenames: 1) Pthc center~)(opva)(2013) HDV_0418 Demetri 7yo (New) SHOWWWWW.mp4; 2) (PTHC 2013 PTXX OPVA) Daddy and 5yo April-suck and Fuck big Cock - Eye of the tiger (Vey good).wmv; and 3) Pthc 2009 Kristin 10 All-Edit.wmv. The government will make these videos available to the defense and the court for review. The government reserves the right to elicit testimony concerning the number and titles of suspected child pornography images and videos found on defendant's computer and to introduce additional videos or images if they become relevant.

The evidence of the child pornography images and associated forensic data is highly probative and not subject to exclusion due to unfair prejudice. Defendant's offer to stipulate to certain elements of the crime does not lessen the evidence's probative value, because "[s]tipulation to an element of the offense . . . does not generally constitute an evidentiary alternative having equal or greater

probative value." United States v. Sewell, 457 F.3d 841, 844 (8th Cir. 2006).

The Government has the burden of proving that Defendant knowingly possessed and transported images depicting actual minors engaged in conduct that meets the statutory definition of "sexually explicit conduct." The images themselves are, of course, the best evidence of the depictions. See, e.g., United States v. Brown, 862 F.2d 1033 (3d Cir. 1988) ("We find no difficulty with the admission into evidence of the child pornography found . . . in [the defendant's] home.").

The Government must prove not just that these images were transported and present on the computer hard drive, but that Defendant knew the sexually explicit nature of the materials and that the depicted victims were minors. See, e.g., United States v. X-Citement Video, Inc., 513 U.S. 64, 78 (1994). Even if Defendant agrees that the proposed exhibits are child pornography within the meaning of 18 U.S.C. § 2256(8)(A), the child pornography images and their associated forensic data are still relevant to establish Defendant knowingly possessed the images.

The forensic evidence relating to these images will be a central part of the case. The image provides essential context to the data. Indeed, absent the image, the jury would not know to which image the data relates. For certain images, the jury would not know that that certain images were both transported and found on defendant's hard drive. Thus, the videos of child pornography provide important context to all of the forensic evidence that will be presented.

The Government's approach in this case has been approved by courts across the country time and again in the face of Rule 403

objections where the defendant was willing to stipulate that the images are child pornography. See, e.g., United States v. Polizzi, 564 F.3d 142, 153 (2nd Cir. 2009) (upholding admission of images and videos despite defendant's stipulation that they constituted child pornography); Sewell, 457 F.3d at 844 (finding that district court abused its discretion in accepting defendant's offer to stipulate and forbidding the United States from publishing a representative sample of the images of child pornography to the jury); United States v. Forrest, 429 F.3d 73, 80 (4th Cir. 2005) (upholding district court's decision to admit evidence of child pornography in the face of a Rule 403 challenge); United States v. McCourt, 468 F.3d 1088, 1093 (8th Cir. 2006) (not unfairly prejudicial to show clips of videos despite defendant's stipulation that they contained child pornography); United States v. Dodds, 347 F.3d 893, 899 (11th Cir. 2003) (no abuse of discretion where trial court admitted 66 child pornography images); United States v. Becht, 267 F.3d 767 (8th Cir. 2001) (affirming admission of 39 child pornography images even though defendant offered to stipulate to illegality of images); United States v. Hay, 231 F.3d 630, 639 (9th Cir. 2000) (allowing jury to view child pornography was not unduly prejudicial); United States v. Campos, 221 F.3d 1143, 1149 (10th Cir. 2000) (no abuse of discretion to publish pornographic materials to jury, despite defendant's offer to stipulate that images constituted child pornography); United States v. Zacherle, 2008 WL 5000145 (E.D. Wash. 2008) (permitting United States to show images despite offer of defendant to stipulate, because "[t]he government bears the burden of proving each element of the offense and publishing select images to the jury is the best method . . . for the government to prove its case."); United States

v. Pabon-Cruz, 255 F.Supp.2d 200, 214 (S.D.N.Y. 2003) (child pornography images "legally and morally relevant" to conduct, despite proposed stipulation); United States v. Dean, 135 F.Supp.2d 207, 211 (D. Me. 2001) (admit 16 child pornography images despite defendant's stipulation that images were child pornography).

Illustrative of the rationale for admitting such evidence is the Eighth Circuit's decision in Becht, which rejected the defendant's argument that images of child pornography should have been excluded under Rule 403 in light of a stipulation. Becht, 267 F.3d at 769. The defendant was charged with possession and distribution of child pornography found on his computer. His defense at trial was lack of knowledge. Id. The government's evidence of knowledge included the defendant's creation of subdirectories named "Young" and "Incest", and that the defendant had to view some of the images to accurately sort the images. Id. In addition, the court recognized another important, related burden of the government's proof in a child pornography case, namely, to show that the images were not "close cases." For example, the images did not feature 16 to 17-year olds which easily could have been mistaken for legal pornography. Id. at 774.

The district court admitted 39 child pornography images into evidence over the defendant's Rule 403 objection. Id. at 770. The images were then shown to the jury on a computer screen and hard copies were given to the jury. Id. On appeal, the Eighth Circuit found that even with a stipulation as to the nature of the images, the images were relevant to defendant's knowledge, and held that the Rule 403 balancing test favored inclusion of the images. Id. at 772-74. The court also found that the probative value of the images was

high, that the prejudicial effect of the images was limited, and that satisfactory evidentiary alternatives were absent. Id. at 773-74.

Finally, the images at issue should not be excluded merely because of their nature or to protect the jury and the victims. As one court recently noted in rejecting this argument:

> The presentation of evidence in a criminal trial is not 'repeat exploitation' of the victims in this case, but rather our criminal justice system's method of vindicating them. To adopt Defendant's broad construction of the Adam Walsh Act would truly turn the Adam Walsh Act on its head; Defendant urges the court to construe a law that was plainly designed to facilitate the prosecution of child pornographers into a law that would unduly inhibit such prosecution. This the court cannot sanction.

United States v. Johnson, 456 F. Supp. 2d 1014, 1016 (N.D. Iowa 2006).

The jury will be entrusted with the weighty obligation of finding the facts relating to the sexual exploitation of children. They face a difficult task and should be afforded the opportunity to view the core evidence. As the Tenth Circuit noted in a case involving graphic evidence, given the heavy burden juries face, "it is incompatible with that degree of trust to attempt to 'protect' them from the evidence questioned here." United States v. Naranjo, 710 F.2d 1465, 1468 (10th Cir. 1983) (affirming admission of disturbing photograph of victim who had been shot in the face); Pabon-Cruz, 255 F. Supp. 2d at 214 (admission of child pornography particularly significant where "juror's duty does seem hard"); United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998) ("Rule 403 does not provide a shield for defendants who engage in outrageous act . . . . It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone.").

III. CONCLUSION

For the reasons set forth above, the government's motion to limine for an order admitting select child pornography images and videos should be granted.