HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
CUAUHTÉMOC ORTEGA (Bar No. 257443)
(E-Mail: cuauhtemoc_ortega@fd.org)
ANDREA JACOBS (Bar No. 236892)
andrea_jacobs@fd.org
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
Facsimile:  (714) 338-4520

Attorneys for Defendant
TODD CHRISTIAN HARTMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>                    Defendant. | Case No. SA CR 15-00063-JLS<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CRIM. P. 16; EXHIBIT A** |

          Todd Christian Hartman files his reply in support of his motion to compel discovery of the computer software Peer Spectre pursuant to Fed. R. Crim. P. 16.


                              Respectfully submitted,

                              HILARY POTASHNER
                              Federal Public Defender


DATED:  October 2, 2015          By  */s/ Andrea Jacobs & Cuauhtémoc Ortega*
                                 Andrea Jacobs & Cuauhtémoc Ortega
                                 Deputy Federal Public Defenders

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In its opposition to Mr. Hartman's motion to compel Peer Spectre, the government discloses for the first time that Peer Spectre was used to locate an IP address that was "offering child sexual abuse images online" in conjunction with another law enforcement software program, Shareaza LE, which was used to download files from the Hartman computer. *See* Govt Opp. at 1-2, FN1.[1]  The government's opposition now raises additional questions about *two* law enforcement computer software programs that are relevant and material to Mr. Hartman's defense.

## II.

## ARGUMENT

An accused's right to a fair trial and the ability to cross-examine the witnesses and evidence against him trumps law enforcement's goal to keep its investigative techniques secret from the public.  Government transparency is required for our citizenry to know if their privacy rights are being infringed upon and to defend charges levied against them.  We cannot permit law enforcement to trespass on the areas covered by the Fourth and Sixth Amendments because there is a potential for the general public to learn law enforcement methods.  Regardless, a protective order is already in place in this case, which would preclude the parties from disclosing the requested discovery to third parties.  Moreover, Mr. Hartman would be willing to stipulate to a more discreet protective order.

---

[1]  This information regarding Shareaza LE was neither provided by Newport Beach Detective Syvock in his application for a search warrant nor stated in Detective Syvock's investigation memo.

2

## A.    Mr. Hartman's Right to Prepare a Defense Outweighs the Qualified Law Enforcement Privilege

The government cites to multiple out-of-circuit decisions for the position that law enforcement electronic surveillance is too sensitive to share with an accused for fear that the accused or other potential child pornography perpetrators will learn how Peer Spectre and Shareaza LE work and be able to avoid detection from these programs in the future.  This government fear does not override an accused's constitutional right to a fair trial or the public's right to freedom of information.  Moreover, this fear is mooted if a protective order is in place and any discussion of the programs is sealed in the Court's records.

The government also points to *United States v. Chiaradio*, 684 F.3d 278 (1st Cir. 2012), an out-of-circuit decision that was distinguished by the Ninth Circuit's decision in *United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012).  *Budziak* is the basis for Mr. Hartman's motion to compel the discovery of Peer Spectre in this case.  The *Chiaradio* decision is easily distinguishable from Mr. Hartman's case.  In *Chiaradio*, the First Circuit did not take a position regarding whether the source code of EP2P was discoverable under Rule 16.  684 F.3d at 277.  Instead, the First Circuit found that because the district court convened an evidentiary hearing where the defendant was able to cross-examine the government's proposed EP2P expert who demonstrated how the program was used, and provided the defendant with a copy of the FBI guide detailing how to reconstruct an EP2P session manually, the defendant was not prejudiced by the non-disclosure of the actual EP2P source code.  *Chiaradio*, 684 F.3d at 277.[2]

---

[2] Mr. Hartman requests an evidentiary wherein he could question the government's expert on Peer Spectre and Shareaza LE if the Court does not order the government to disclose the software to him.

1   Here, after Mr. Hartman filed his motion to compel, the government provided

2   Mr. Hartman with "63 files relating to file downloads." *See* Exhibit A. Unfortunately

3   24 of the 63 files appear to be blank. The files that contain information, however, do

4   not appear to contain any additional information that Mr. Hartman has not previously

5   been provided. This discovery does not answer any questions with respect to how Peer

6   Spectre and Shareaza LE operate or whether this software enables law enforcement to

7   override or manipulate settings on a subject computer.

8   The government also cites to *United States v. Pirosko,* 787 F.3d 358 (6th Cir.

9   2015) to support its position that handing over the requested discovery would frustrate

10   future surveillance efforts. *Pirosko* does not explain how a protective order could

11   remedy the concern of frustrating future surveillance efforts. The Sixth Circuit also

12   went too far in *Pirosko* by supporting a requirement that a defendant produce evidence

13   of government wrongdoing in order to view law enforcement surveillance software.

14   This is putting the cart before the horse, as a defendant can hardly prove government

15   wrongdoing without access to how the software works and can be manipulated.

16   Ultimately, Mr. Hartman requests that the Court apply a balancing test and weigh

17   the government's concerns against Mr. Hartman's due process rights to defend his case.

18   In this balancing process, it should be noted that the government's concerns can be

19   allayed by a protective order.

20   **B.    Materiality**

21   The Ninth Circuit made it clear that evidence is "material" under Rule 16 if it is

22   helpful to the "*development of a possible defense.*" *Budziak*, 697 F.3d 1105 at 1111-

23   1112 (9th Cir. 2012)(emphasis added). The government suggests that Mr. Hartman

24   cannot demonstrate that his request is material because he is speculating as to how

25

26

27

28

knowledge of these programs would be helpful to his specific defense.[3]  There must be some speculation in this situation when law enforcement takes such a secretive and restrictive position on disclosing how their software programs work.  Regardless, Mr. Hartman need not show at this stage in the proceedings how Peer Spectre and Shareaza LE specifically further his defense because he is seeking evidence that will be "helpful to the development of a possible defense."  *Buzdiak*, 697 F.3d at 1111-1112.  Moreover, Mr. Hartman cannot be required to reveal his defense theory to the government in order to obtain Rule 16 discovery.  *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)("A defendant needn't spell out his theory of the case in order to obtain discovery.").

What Mr. Hartman is requesting, moreover, is far from a fishing expedition.  At the heart of most cases involving the government's use of peer-to-peer software to search IP addresses sharing child pornography is the issue of whether the government software has the ability to access files that are not in shared folders or have been deleted.  This goes to the reliability of the software and whether law enforcement has the ability to manipulate settings on a defendant's computer.  For these reasons, it is material that Mr. Hartman have access to how Peer Spectre and Shareaza LE work in order to develop a potential defense to the charges.  These were the issues in *Budziak* and Mr. Hartman should be given the same opportunity to discovery here.

## C.   Mr. Hartman's Request is Not Overbroad

Mr. Hartman continues to assert that his request is not overbroad.  If the Court, however, finds certain aspects of the request overbroad, Mr. Hartman is amenable to working with government counsel to fashion a more tailored request.

---

[3]  A forensic evaluation of Mr. Hartman's computer is ongoing.  Therefore, Mr. Hartman reserves the right to supplement this motion with additional information before or during the October 16, 2015 hearing.