# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 15 00063 |
| Plaintiff, | |
| v. | **AFFIDAVIT OF TAMI LOEHRS** |
| TODD CHRISTIAN HARTMAN, | |
| Defendant. | |

I, TAMI L. LOEHRS, hereby declare as follows:

1.      I am a computer forensics expert and owner of Loehrs& Associates, LLC (formerly Law2000, Inc.) a firm specializing in computer forensics. My offices are located at 3037 West Ina, Suite 121, Tucson, Arizona 85741. I am competent to testify and the matters contained herein are based on my own personal knowledge.

2.      I have been working with computer technology for over 20 years and I hold a Bachelor of Science in Information Systems. I have completed hundreds of hours of forensics training including courses with Guidance Software and Access Data. I am an EnCase Certified Examiner (EnCE), an Access Data Certified Examiner (ACE), a Certified Computer Forensic Examiner (CCFE) and a Certified Hacking Forensic Investigator (CHFI). I have conducted hundreds of forensics exams on thousands of pieces of evidence including hard drives, cell phones, removable storage media and other electronic devices. I have conducted seminars on Computer Forensics and Electronic Discovery throughout the United States. In addition, I hold a Private Investigator Agency License in the State of Arizona which requires a minimum of

1

6,000 hours investigative experience. My Curriculum Vitae is attached hereto and updated versions may be downloaded from the Loehrs & Associates website at www.ForensicsExpert.net.

3.      I have been the computer forensics expert for the defense on over 250 child pornography cases throughout the United States, Puerto Rico, Marianna Islands, Canada and England since the year 2000 and have testified over ninety times in State, Federal and international Courts.

4.      I have been retained as a computer forensics expert by Cuauhtémoc Ortega, Deputy Federal Public Defender and counsel for Defendant Todd Christian Hartman, for the purpose of assisting with matters related to the searching, collecting, analyzing and producing of electronic evidence in this matter.

5.      I have reviewed discovery materials produced by the government including, but not limited to, Newport Beach Police Department Reports (Bates 007-0010), Search Warrant and Affidavit prepared by Detective David Syvock (Bates 0045-0066), Department of Homeland Security Report of Investigation (Bates 0023-0032), the Indictment and Superseding Indictment, and Defense Motion to Compel dated September 18, 2015.

6.      According to the Affidavit prepared by Detective Syvock, this case originated from an undercover investigation of the peer-to-peer network known as eDonkey2000. On October 16, 2014, Det. Syvock identified files of suspect child pornography as "available for sharing" from a computer with a specific GUID at the IP address 76.172.3.11. He does not indicate what software or tools he used to identify the files of child pornography. Det. Syvock indicates he downloaded five (5) files on October 16th and provides information about those files on pages 13 through 15. Although two of the files provided indicate they were downloaded on

10/16/2014, the other three files have dates nearly one month later on 11/06/2014 and 11/11/2014. Det. Syvock does not indicate what software or tools he used to download those files.

7.      On November 23, 2014, Det. Syvock identified files of suspect child pornography as "available for sharing" on a computer with the same GUID but with a different IP address of 76.171.211.243.   Again, he indicates he downloaded one (1) file and includes that information on page 16. However, the file is dated over one month later on 12/29/2014. Again, he makes no mention of the software or tools used to conduct his investigation.

8.      Although Det. Syvock does not specifically identify the software or tools he used during his undercover investigation, he makes general references in his affidavit to the Child Protection System (CPS) and Peer Spectre.

9.       I know from experience on numerous P2P cases and from personally listening to the testimony of law enforcement personnel, including William Wiltse, that CPS was created at Wiltse's direction.   Wiltse is or was the Director of Software Programming at TLO, a data fusion company in Boca Raton that, among other things, develops software to assist law enforcement who are investigating child exploitation crimes. CPS is a proprietary suite of software tools created by and used exclusively by law enforcement that includes *Peer Spectre 2* and its predecessor *Peer Spectre.*   CPS has been used by law enforcement in numerous cases throughout the country in which I have been involved as a defense expert including the matters of *United States vs. Angel Ocasio, EP-11-CR-2728(KC)* and *United States vs. John A. Crowe, 11CR 1690.*   These cases, as well as others, have brought to light serious concerns with regard to the CPS software and whether that software is going beyond the scope of "publicly available" information. To my knowledge, as of the writing of this Affidavit, this software has never been

3

formally tested and/or validated by anyone and is unavailable for testing by any third-parties. Although the courts in *Crowe* and *Ocasio* agreed to third-party testing of the software, both cases were settled and the software was never made available to me.

12.     It is critical to Mr. Hartman's defense to understand how this software functions in order to determine its reliability and accuracy in identifying files reported as "publicly available" from Mr. Hartman's computer.

13.     On September 30, 2015, an independent forensics examination was conducted on the evidence seized from Mr. Hartman's residence, specifically a Hewlett Packard Pavilion desktop computer (HP Pavilion). During that examination, a search for the six files downloaded during the undercover investigation revealed all six files were located on Hartman's computer in a folder with over 4,000 files associated with the eMule software application.

14.     eMule is a P2P file sharing software application that shares information through the eDonkey network. eMule was installed on the HP Pavilion in March of 2014 but uninstalled before the execution of the search warrant. A review of the eMule system files revealed only 600 files were "publicly available" for sharing even though over 4,000 files existed in the eMule default folders. Four (4) of the files identified during the undercover investigation were not included in this list of "publicly available" files.   The remaining two (2) files identified during the undercover investigation were found to be "publicly available" but had not been shared since May, 2014, nearly three months prior to the undercover investigation. This begs the question of how the CPS software identified the files in the first place if they are not listed as "publicly available" from Hartman's computer.

15.     Additionally, the software PeerBlock was installed on the HP Pavilion in December of 2013.   Peer Block functions as a firewall that blocks IP addresses manually entered into the software or IP addresses that have been included in "blacklists" available online. A review of the system files for this application revealed the user enabled to block IP addresses associated with peer to peer file sharing.

16.     Thus, the implication in this case is that the CPS software may be identifying files of suspect child pornography on Hartman's computer that are not "publicly available" and were not intended to be shared.

17.     For all of the reasons stated above, and under general scientific principles, it is my opinion that there is insufficient forensic evidence to corroborate that files of suspect child pornography identified during the undercover investigation were "publicly available". In addition, it remains my opinion that law enforcement's proprietary CPS software needs to be tested by a qualified third-party to determine its functionality and accuracy.

18.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:   October 8, 2015

_____
Tami L. Loehrs