HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
CUAUHTEMOC ORTEGA (Bar No. 257443)
Deputy Federal Public Defender
(E-mail: Cuauhtemoc_Ortega@fd.org)
ANDREA JACOBS (Bar No. 236892)
Deputy Federal Public Defender
(E-mail: Andrea_Jacobs@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
Facsimile:  (714) 338-4520

Attorneys for Defendant
TODD CHRISTIAN HARTMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>Defendant. | Case No. SA CR 15-63-JLS<br><br>**MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID L. McCAIN; EXHIBITS A-B**<br><br>Hearing:  October 16, 2015<br>Time:       11:30 a.m.<br>Est. Duration:  10 minutes |

Defendant Todd Christian Hartman, through counsel, moves to exclude the proposed testimony of David L. McCain.  This motion is based on the attached memorandum of points and authorities and exhibit, and is made pursuant to Federal Rule of Criminal Procedure 16(b)(1)(c), Federal Rules of Evidence 104, 702, and 703, and *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 589 (1993).

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED:  October 8, 2015          By   */s/ Cuauhtemoc Ortega & Andrea Jacobs*
CUAUHTÉMOC ORTEGA
ANDREA JACOBS
Deputy Federal Public Defenders

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

Defendant Todd Christian Hartman moves to exclude the testimony of David L. McCain, a proposed expert witness.  On September 24, 2015, Mr. Hartman received notice that the government intends to introduce his testimony at trial.  (Exhibit A).  The notice says, "We anticipate that Mr. McCain will testify about peer to peer networks, including Gnutella, the use of the eMule and eDonkey file-sharing programs as well as common terms used in child pornography file titles and their meaning." (*Id.*).  On October 5, 2015, the government provided Mr. Hartman with McCain's CV.  (Exhibit B).  Mr. Hartman now moves to exclude any testimony from McCain regarding "common terms used in child pornography file titles and their meaning" on the grounds that he is unqualified to testify as an expert on these matters, that his proposed testimony does not meet the criteria set forth in Federal Rule of Evidence 702 and 703, and that the government's expert disclosure is insufficient under Rule 16(b)(1)(C). (Exhibit A).

### **II.  ARGUMENT**

The preliminary question of a witness' qualifications is for the Court to decide. S*ee* Fed. R. Evid. 104.  Federal Rule of Evidence 702 states that a witness may testify in the form of an opinion or otherwise if:

> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  A trial court has a gatekeeping obligation with respect to opinion testimony of experts.  *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 589

(1993).  The Court must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.  *Id.*  The Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-149 (1999), expanded the gatekeeping obligation of the courts, holding that it is not limited to scientific expert testimony, but applies to all expert testimony. The *Daubert* factors do not constitute a definitive checklist or test and the Courts gatekeeping inquiry must be tied to the particular facts at hand.  *Id.* at 138.

McCain is not qualified to testify as an "expert" regarding "common terms used in child pornography file titles and their meaning."  (Exhibit A).  There's little in McCain's CV that indicates he has specific expertise in "common terms used in child pornography file titles and their meaning."  (*Id.*).  The government's notice lacks specifics about the opinions it will seek to elicit out of McCain at trial.  (Exhibit A). The notice is also devoid of a "summary" of the "bases and reasons" for McCain's opinions.  *Id.*; Fed. R. Crim. P. 16(b)(1)(C).  The proposed testimony, therefore, fails to meet the criteria of Federal Rules of Evidence 702 and 703 and should be excluded.

### III.  CONCLUSION

For the foregoing reasons, Mr. Hartman respectfully requests that the Court exclude the proposed testimony of McCain regarding "common terms used in child pornography file titles and their meaning."  (Exhibit A).

2