EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3548
     Facsimile: (714) 338-3561
     E-mail:    anne.gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 15-63(A)-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF DAVID L. MCCAIN |
| v. | |
| TODD CHRISTIAN HARTMAN, | **MOTIONS HEARING:** 10/16/15  11:30 A.M. |
| Defendant. | **ESTIMATE:** 10 min. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its opposition to defendant's October 8, 2015 motion to exclude expert testimony of David L. McCain.  This opposition is based on the attached Memorandum of Points and Authorities, the files and records in this case and any further

\\

\\

\\

evidence or argument as may be presented at the hearing on the motion.

Dated: October 15, 2015        Respectfully submitted,

                               EILEEN M. DECKER
                               United States Attorney

                               DENNISE D. WILLETT
                               Assistant United States Attorney
                               Chief, Santa Ana Office


                                     /s/
                               ANNE C. GANNON
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Defendant is currently charged in the first superseding indictment with two counts of transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1), (b)(1) and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2). Trial is scheduled for October 27, 2015. On October 8, 2015, defendant filed a motion to exclude the expert testimony of David L. McCain relating to "common terms used in child pornography file titles and their meaning." Terms and abbreviations related to child pornography involve the type of specialized knowledge that is properly the subject of expert testimony because it will aid the jury in understanding the evidence, therefore, it should be admitted. Furthermore, Mr. McCain has the sufficient experience and expertise to testify regarding this, and other, matters relating to child exploitation investigations and computer forensics. Accordingly, defendant's motion to exclude expert testimony of David L. McCain should be denied.

II. ARGUMENT

A. David McCain is Qualified to Testify as an Expert Regarding Terms Used in Child Pornography File Titles

If specialized knowledge will assist the trier of fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. An expert's opinion may be based on hearsay or facts not in evidence, where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed.

R. Evid. 703.  An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of fact.  Fed. R. Evid. 704.  The court has broad discretion to determine whether to admit expert testimony.  United States v. Alatorre, 222 F.3d 1098, 1102-05 (9th Cir. 2000); United States v. Andersson, 813 F.2d 1450, 1458 (9th Cir. 1987).

Defendant claims that Mr. McCain does not possess sufficient experience to warrant being qualified as an expert regarding terms used in child pornography files and their meaning.  While Mr. McCain's resume focuses on his computer forensic skills, he has extensive experience investigating child exploitation offenses.  Unlike some police departments and federal agencies that employ non-sworn civilian employees as computer forensic examiners, Huntington Beach Police Department selected Mr. McCain, an experienced police officer, to be trained as a computer forensic examiner.  In total, Mr. McCain served as a police office for 23 years.  For approximately 9 years, Mr. McCain was a member of the federal Sexual Assault Felony Taskforce (SAFE Team) coordinated by the Federal Bureau of Investigation.  In that capacity, he has served as a case agent, in addition to conducting computer forensic exams.  Mr. McCain has attended training on child pornography offenses, testified in federal and state court concerning child pornography, and conducted interviews of child pornography suspects.  Mr. McCain has examined over 1000 devices containing child pornography and millions of child pornography images.  In addition, Mr. McCain has reviewed numerous online chats, emails, and child erotica stories that provide him specialized knowledge and insight concerning child pornography trafficking and offenders.

Through Mr. McCain's experience as an investigator of state sex crimes and federal task force officer, his background, and his training, he can provide information that is helpful to the jury. The average lay person does not understand terms related to child pornography, such as PTHC which stands for pre-teen hard core, and thus his proposed testimony should be admissible.

### B.  Daubert and Kumho Do Not Preclude Mr. McCain's Expert Testimony

In Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 589 (1993), the Supreme Court, in addressing admissibility of "scientific expert evidence," held that Fed. R. Evid. 702 imposes a "gatekeeping" obligation on the trial judge to "ensure that any and all scientific testimony ... is not only relevant, but reliable."  Daubert also held that a trial court has substantial discretion in discharging its gatekeeping function, and offered certain factors a court could consider: (1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community.  Id. at 592-594.

In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-149 (1999), the Supreme Court held that the gatekeeping function is not limited to scientific expert testimony, but applies to all expert testimony. Kumho Tire, however, did not require trial judges to mechanically apply the Daubert factors, or something similar, to both scientific and non-scientific testimony.  United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000).  Instead, Kumho Tire heavily emphasized "that judges are entitled to broad discretion when discharging their

gatekeeping function." Id.  Indeed, "the Daubert factors were not intended to be exhaustive nor apply in every case," and "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." Id.

Accordingly, the admissibility of expert testimony generally turns on the following preliminary question of law determinations by the trial judge under Fed. R. Evid. 104(a):

a. Whether the opinion is based on scientific, technical, or other specialized knowledge;

b. Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue;

c. Whether the expert has appropriate qualifications such as some special knowledge, skill, experience, training or education on the subject matter of the expert testimony;

d. Whether the testimony is relevant and reliable;

e. Whether the methodology or technique the expert uses fits the conclusions, i.e., the expert's credibility is a jury determination; and

f. Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time.

Hankey, 203 F.3d at 1168.

Defendant tries to claim that Mr. McCain's experience is somehow lacking.  Def.'s Motion, p. 2.  However, Mr. McCain has extensive experience with child pornography offenses.  Further, the Daubert factors, i.e., peer review, publication, potential error rate, etc.,

6

are not applicable to expert testimony concerning child pornography because the reliability of this kind of testimony "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it."  <u>Hankey</u>, 203 F.3d at 1169.  In <u>Hankey</u>, the district court conducted a motion in limine Fed. R. Evid. 104 hearing, during which the district court probed the extent of the gang expert's knowledge and experience, and learned that the witness had "devoted years working with gangs, knew their 'colors,' signs and activities, ... heard admissions of the specific gang members involved, ... and had communicated and worked undercover with thousands of gang members."  <u>Id.</u>  The court in <u>Hankey</u> found that "[t]his type of street intelligence might be misunderstood as either remote ... or hearsay, but FRE 702 works well for this type of data gathered from years of experience and special knowledge."  <u>Id.</u>  The court, in upholding the district court's decision to allow the gang expert testimony, also found it appropriate that "the officer relied on 'street intelligence' for his opinions about gang membership and tenets," because "[g]angs ... do not have by-laws, organizational minutes, or any other normal means of identification [other than colors, gang signs or tattoos]."  <u>Id.</u>  While involving a different subject matter, Mr. McCain's experience and testimony is similar in that it will provide meaning to child pornography terms and abbreviations and should be admitted.

### III. CONCLUSION

For the reasons set forth above, the defendant's motion to exclude expert testimony of David L. McCain should be denied.