EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
    United States Courthouse
    411 West Fourth Street
    Santa Ana, California 92627
    Telephone: (714) 338-3548
    E-mail:   anne.gannon@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 15-63(A)-JLS |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEFING OPPOSING DEFENDANT'S MOTION TO COMPEL DISCOVERY |
| v. | |
| TODD CHRISTIAN HARTMAN, | MOTION HEARING: 10/27/2015 9:00 a.m. |
| Defendant. | ESTIMATE: 30 minutes |

The government files a supplement to its opposition to defendant's motion to compel discovery pursuant to Federal Rule of Criminal Procedure 16.

Dated: October 23, 2015    Respectfully submitted,

                                      EILEEN M. DECKER
                                      United States Attorney

                                      DENNISE D. WILLETT
                                      Assistant United States Attorney
                                      Chief, Santa Ana Branch Office

                                        /s/
                                      ANNE C. GANNON
                                      Assistant United States Attorney

                                      Attorneys for Respondent
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On September 18, 2015, defendant Todd Christian Hartman ("defendant") filed a motion to compel extensive discovery relating to Peer Spectre, including its specifications and a copy of the software itself.  On September 24, 2015, the government filed it opposition.  On October 2, 2015, defendant filed a reply brief and on October 8, 2015, defendant supplemented its reply with a declaration from Tami L. Loehrs.  On October 16, 2015, the Court continued the motions hearing to October 27, 2015, in part, to provide the government with an opportunity to submit a written response to Ms. Loehrs' declaration.

**II.   STATEMENT OF FACTS**

In her declaration, Ms. Loehrs raises three substantive points concerning the investigation in this matter.  First, she states that Det. Syvock did not identify what software or tools he used to download the files in this case. (Loehrs' Decl. at ¶¶ 6-8.)  Second, Ms. Loehrs claims several cases "have brought to light serious concerns with regard to the CPS [Child Protection System] software and whether that software is going beyond the scope of 'publicly available' information." (Loehrs' Decl. at ¶ 9.)  Third, she states that, to her knowledge, CPS software has never been formally tested and/or validated by anyone and is unavailable for testing by any third-parties. (Id.)

The affidavit in support of the search warrant sets forth the methods Det. Syvock used to locate and download the child pornography images and identify defendant as a suspect.  See Exhibit A, Search

1

warrant and affidavit (personal identifying information redacted). While the search warrant did not identify the specific software used to download the child pornography images, the government has since provided the defense with reports and logs automatically generated by the law enforcement software, Shareaza LE, detailing how the files containing child pornography were downloaded from the computer located in defendant's residence. See Exhibit B, Discovery letters and select reports and logs.[1]

**III. ARGUMENT**

As the government set forth in its opposition to defendant's motion to compel, defendant is not entitled to the requested materials because A) the requested materials are protected by a qualified law enforcement privilege; B) he has not established that the requested information is material to his defense; and C) his request is overbroad. The government has complied, and will continue to comply, with its discovery obligations and defendant's motion should be denied.

    A.    <u>Identification of Software and Tools</u>

In her declaration, Ms. Loehrs claims that Det. Syvock did not identify the software or tools he used to download the files containing child pornography. (Loehrs' Decl. at ¶¶ 6-8.) The government, through disclosing the search warrant affidavit and the Shareaza LE reports and logs, has identified the pertinent software and tools and data detailed how the child pornography files were

---

[1] In defendant's reply brief, he raised the issue that some of the logs files appeared to be blank. This issue has been resolved. On October 15, 2015, the government produced a compact disc containing the files. See Exhibit B.

2

downloaded.  See Exhibits A and B.  As to this broad request, the government has complied with Ms. Loehrs' claim of purported deficiency.  If the defense wants additional general information about how these programs function, the government is willing to review and respond to such a request.

B. <u>There is an Insufficient Basis for Ms. Loehrs' Claim that Software Goes Beyond Publicly Available Information</u>

In her declaration, Ms. Loehrs cites two cases in support of her claim that cases "have brought to light serious concerns with regard to the CPS [Child Protection System] software and whether that software is going beyond the scope of 'publicly available' information." (Loehrs' Decl. at ¶ 9.)  Neither case supports this proposition given the facts of this case.  In <u>United States v. Crowe</u>, 11-CR-1690, (D. NM), Ms. Loehrs testified that, based on her review, the two images that were allegedly found by the Shareaza program were not in the shared folder and there was no evidence of them being shared in the past.  (Exhibit C., pp. 16-20.)  Based on this testimony, the district court found that the case was similar to <u>United States v. Budziak</u>, 697 F.3d 1105 (9th Cir. 2012), where the Ninth Circuit was concerned that the FBI downloaded fragments of the child pornography files from an "incomplete" folder.  (Exhibit D, pp. 12-13.)  Here, Ms. Loehrs' claims are more limited to allegations that four of the files identified during the undercover investigation were not included in a list of "publicly available" files and the remaining two files were "publicly available" but had not been shared since May 2014.  (Loehrs' Decl. at ¶ 9.)  She fails to identify this purposed list of "publicly available" files, which downloaded files

3

fall into which category or how she came to the conclusion that the last download occurred in May 2014. Without more information, it is extremely difficult for the government to address these claims. Ms. Loehrs has made similar allegations in other cases with at least one court finding "[o]n balance, Ms. Loehrs provided little, if any, credible or reliable testimony to support her opinions in this case." See. Exhibit E, pp. 16-22; United States v. Derek Thomas, et al., 5:12-CR-37, 5:12-CR-44, 5:12-CR-97, (D. VT., Nov. 8, 2013). The government will more fully develop this point during cross-examination of Ms. Loehrs.

Ms. Loehrs also relies on United States v. Angel Ocasio, EP-11-CR-2728-KC-1 (WDTX.), for the proposition that courts have expressed concern about how the software used by law enforcement works. Defendant Ocasio's Motion to Compel Production of Materials Pertaining to Peer-to-Peer Investigative Software (docket #117) sets forth facts that are critically different from the facts in this case. See Exhibit F, pp. 1-2. In Ocasio, the investigators did not download the child pornography images from the defendant's computer, rather the probable cause for the search warrant was based on a comparison of SHA-1 hash values, and none of the files identified by the software were found on defendant Ocasio's computer once it was searched. Id. Here, as set forth in the search warrant affidavit, Det. Syvock downloaded the files and they were ultimately found on defendant's computer. See Exhibit A, pp. 13-16. Therefore, there is no reason to suspect that the software used by law enforcement was defective. Furthermore, Ms. Loehrs' conclusory claims regarding the Peer Block software lack support, including specific information

about how this software purportedly interacted with the peer-to-peer file sharing program at the time the child pornography files were downloaded by Det. Syvock.  Without more information, this claim should not be a basis for granting the motion to compel.

    C.   Testing of Software

Ms. Loehrs claims in her declaration that, to her knowledge, CPS software has never been formally tested and/or validated by anyone and is unavailable for testing by any third parties.  (Loehrs' Decl. at ¶ 9.)  Here, it was Shareaza LE, not CPS, which was responsible for downloading the child pornography files from defendant's computer.  See Exhibit B.  In 2012, Ms. Loehrs acknowledged in sworn testimony that she had heard testimony that Shareaza LE has been beta tested.  See Exhibit C, p. 33.

**IV. CONCLUSION**

For the reasons set forth in the government's briefing and the anticipated testimony at the evidentiary hearing, defendant's motion to compel should be denied.

5