Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
**Nelson & Fulton**
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA. 90010-2014
(213)365-2703 / Fax (213)365-9130
nelson-fulton@nelson-fulton.com

Attorneys for the Real Party In Interest,
Los Angeles County Sheriff's Dept.

FILED
2015 OCT 23 PM 12:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TODD CHRISTIAN HARTMAN, <br><br> Defendant. | CASE NO. SA CR 15-63-JLS <br><br> **THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S OBJECTION AND APPLICATION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM FOR PEACE OFFICER PERSONNEL RECORDS OF DAVID SYVOCK; REQUEST FOR IN CAMERA REVIEW AND PROTECTIVE ORDER** <br><br> Date: October 27, 2015 <br> Time: 9:00 a.m. <br> Place: Courtroom 10A |

TO THE COURT AND TO COUNSEL FOR THE DEFENDANT:

This Real Party In Interest, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, hereby objects to, and requests an order quashing Defendant Todd Christian Hartman's Subpoena Duces Tecum for the personnel records of former Los Angeles County Sheriff's Deputy "David Syvock." This Real Party In Interest also hereby requests that the court conduct an *in camera* inspection of records subpoenaed in this matter (Ex. A), and that the court issue the enclosed protective order (Ex. B) in the event that the court

deems information to be relevant to the defense of the crime charged in the instant case. This request is made on the grounds set forth below:

## I.

## THE SUBPOENA IS OVERLY BROAD, UNREASONABLE, AND NOT SHOWN TO BE RELEVANT

"Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. A court is justified in quashing a subpoena *duces tecum* if production would be immaterial, unreasonable, oppressive and irrelevant." U.S. v Komisaruk, 885 F.2d 490, 495 (9th Cir., 1989). Rule 17 (c) also permits a motion to quash where the records sought are unreasonable or oppressive.

The subpoena served by the defendant in this case is unreasonable, oppressive and the documents sought are not shown to be relevant.

The subpoena seeks "All documents records, letters, memoranda, reports, notes, audio recordings, video recordings, and/or computer-stored information regarding instances of misconduct and/or acts of dishonesty by former employee David Syvock."

The request fails to meet the requirements of Rule 17 because it is overly broad, unreasonable and oppressive. The request for "all documents," "all records" and "all Investigations," without restriction fail to place any reasonable limitations or restraints on the records sought, and would require the agency to conduct and

unlimited search into all databases, all files and all locations where such records may be kept.

The subpoena also fails to state the relevance or materiality of the records requested by the subpoena. Both Rules 16 and 17 require a defendant to show the relevance of the records sought in discovery or by way of a subpoena.

The subject of the subpoena, David Syvock, is a former employee of the Los Angeles County Sheriff's Department whose employment with the Sheriff's department ended in the year 2006. There is no showing and no attempt to show that Syvock's records are relevant or material in this case filed in 2015.

This Real Party In Interest, Los Angeles County Sheriff's Department, hereby objects to the defendant's subpoena on these grounds.

II.

THE FEDERAL COMMON LAW RECOGNIZES THE OFFICIAL
INFORMATION PRIVILEGE PRESERVING THE CONFIDENTIALITY
OF LAW ENFORCEMENT INFORMATION

This Real Party may object to a subpoena seeking personal or confidential information. The Federal common law recognizes the official information privilege which protects information collected by law enforcement agencies from disclosure in civil rights actions. Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987); See also, Branch v. Phillips Petroleum, Co., 638 F.2d 873 at 881 (5th Cir. 1981). The United States constitution also recognizes that law enforcement officers have a fundamental right to privacy which protects disclosure of information

contained in their personnel files. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027 (9th Cir. 1991).

When the official information privilege is claimed, the court is directed to conduct a balancing test in order to weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the official information privilege may bar discovery. <u>Kelly v. City of San Jose</u>, 114 F.R.D. at 663.

The party claiming the privilege, the Real Party in Interest herein, must render a timely objection to the discovery by specifically citing the official information privilege, must identify the documents so as to afford the requesting party an opportunity to challenge them, and must submit a declaration of privilege from the department which has control over the matters requested. <u>Miller v. Pancucci</u>, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

In order to preserve the potential confidential nature of the documents requested the defendants request that the court conduct a hearing *in camera*. See, e.g., <u>Martinez v. City of Stockton</u> 132 F.R.D. 677, 683 (E.D. Cal. 1990); *see also*, <u>Kerr v. United States District Court for the Northern District of California</u> 426 U.S. 394 (1976) [stating than an *in camera* review is the appropriate way to deal with a claim of privilege].

If the court is inclined to find that the defendant's subpoena complies with Rule 17, this Real Party In Interest requests that the court review the requested materials, *in camera*, in order to determine their relevance to the defendant's case. If

the court deems any portion of the sealed record to be discoverable. This Real Party requests that the disclosure be made pursuant to the accompanying protective order pursuant to F.R.C.P., Rule 16(d)(1).

DATED: October 22, 2015

Respectfully submitted,

NELSON & FULTON

By: *[signature]*
HENRY PATRICK NELSON
AMBER A. LOGAN
Attorneys for Real Party In Interest, Los Angeles County Sheriff's Department, et al.

## PRIVILEGE LOG

| Log # | Date | Description of Documents | Author | Recipient | Privilege | Location |
|---|---|---|---|---|---|---|
| 1. | January 22, 1990 | Internal Investigation #IV2741 (old file number 90-0082) | Supervising Sheriff's Department Personnel - Specific name unknown at this time | LASD Internal Affairs | Overly broad, Irrelevant, Official Information | LASD Discovery Unit |
| 2. | August 27, 1999 | Watch Commander's Service Comment Report #87225* | California Citizen - Specific name unknown at this time | LASD Sheriff's Station | Overly broad, Irrelevant, Official Information | LASD Discovery Unit |
| 3. | July 2, 1997 | Watch Commander's Service Comment Report 42197* | California Citizen - Specific name unknown at this time | LASD Sheriff's Station | Overly broad, Irrelevant, Official Information | LASD Discovery Unit |
| 4. | December 30, 1997 | Watch Commander's Service Comment Report 56620* | California Citizen - Specific name unknown at this time | LASD Sheriff's Station | Overly broad, Irrelevant, Official Information | LASD Discovery Unit |
| 5. | March 18, 1998 | Watch Commander's Service Comment Report 69334* | California Citizen - Specific name unknown at this time | LASD Sheriff's Station | Overly broad, Irrelevant, Official Information | LASD Discovery Unit |

* Cal. Penal Code §382.5 requires that the Sheriff's Department retain the records sought by this subpoena for a period of five years. Given the age of the records requested, full investigation materials have likely been destroyed, leaving only incident summaries with limited information.

| | | | |
|---|---|---|---|
| 6. | April 9, 1999 | Watch Commander's Service Comment Report 81537* | |
| 7. | May 27, 1999 | Watch Commander's Service Comment Report 81595* | |
| 8. | August 20, 2001 | Watch Commander's Service Comment Report 105437* | |
| 9. | December 11, 2002 | Watch Commander's Service Comment Report 112330* | |
| 10. | January 14, 2003 | Watch Commander's Service Comment Report 110563* | |

\* Cal. Penal Code §382.5 requires that the Sheriff's Department retain the records sought by this subpoena for a period of five years. Given the age of the records requested, full investigation materials have likely been destroyed, leaving only incident summaries with limited information.

Exhibit A

CUAUHTEMOC ORTEGA (Bar No. 257443)
ANDREA JACOBS (Bar No. 236892)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Fax: (714) 338-4520

2015-59124 OT

15 OCT 20 P4:45

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America | PLAINTIFF | CASE NUMBER |
| v. | | SA CR 15-63-JLS |
| TODD CHRISTIAN HARTMAN | | |
| | DEFENDANT(S) | SUBPOENA IN A CRIMINAL CASE |

TO: Custodian of Records, Los Angeles County Sheriff's Department Records & Identification Bureau

☒ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Courtroom: 10A

Date: 10/27/15, Time: 9:00 a.m.

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

All documents, records, letters, memoranda, reports, notes, audio recordings, video recordings, and/or computer-stored information regarding instances of misconduct and/or dishonesty by former employee David Syvock.

_Kiry K. Gray_
Kiry K. Gray, Acting Clerk of Court

October 20, 2015
Date

2015-5125#

## PROOF OF SERVICE

| Received by Server | DATE<br>10/20/15 | PLACE<br>Office of the Federal Public Defender - Central District of California<br>411 W Fourth Street, Suite 7110, Santa Ana, CA 92701 |
|---|---|---|
| Served | DATE<br>10/20/15 | PLACE |

| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ Yes  ☑ No  Amount $ |
|---|---|
| SERVED BY (PRINT NAME)<br>Victor Gomez | TITLE<br>Investigator |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  10/20/15
             Date                           Signature of Server

Address of Server: 411 W Fourth Street, Suite 7110, Santa Ana, CA 92701

ADDITIONAL INFORMATION

Exhibit B