EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office
ANNE C. GANNON (Cal. Bar No. 214198)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3548
    Facsimile: (714) 338-3561
    E-mail:    anne.gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 15-63(B)-JLS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| TODD CHRISTIAN HARTMAN, | |
| Defendant. | **CURRENT TRIAL DATE: 12/1/15** <br> **[PROPOSED TRIAL DATE]: 3/22/16** |
| | PROPOSED STATUS CONFERENCE: <br>     3/11/16 11:30 am |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Anne C. Gannon and Sandy N. Leal, and defendant Todd Christian Hartman, both individually and by and through his counsel of record, Deputy Federal Public Defender Cuauhtemoc Ortega hereby stipulate as follows:

    1.    The Indictment in this case was filed on June 17, 2015. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 19, 2015. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before August 28, 2015.
3      2.   On June 19, 2015, the Court set a trial date of August 11,
4  2015 and a status conference date of July 31, 2015.  On July 29,
5  2015, the Court, based on defense counsel's oral motion and over
6  defendant's objection, continued the trial to October 27, 2015.  On
7  October 16, 2015, the Court, based on the pending pretrial motions,
8  continued the trial to December 1, 2015.  On each occasion, the Court
9  found the interim period to be excluded in computing the time within
10 which the trial must commence, pursuant to the Speedy Trial Act.  On
11 November 24, 2015, the Court issued an order ruling on the pretrial
12 motions and directing the parties to meet and confer regarding a
13 stipulation to continue the trial date.
14     3.   Defendant is detained pending trial. The parties estimate
15 that the trial in this matter will last approximately 4 days.
16     4.   By this stipulation, the parties jointly move to continue
17 the trial date to March 22, 2016 at 9:00 a.m. and the status
18 conference to March 11, 2015 at 11:30 a.m.
19     5.   The parties request the continuance based upon the
20 following facts, which the parties believe demonstrate good cause to
21 support the appropriate findings under the Speedy Trial Act:
22         a.   Defendant is charged with violations of 18 U.S.C.
23 § 2252A(a)(1): Transportation of Child Pornography and 18 U.S.C.
24 § 2252A(a)(5)(B), Possession of Child Pornography.  The government
25 has produced discovery to the defense, including over 900 pages of
26 written reports including technical computer forensic information.
27         b.   In its November 24, 2015 order, the Court ordered the
28 government to produce:

2

i. an Installable copy of Peer Spectre and Shareaza LE software used by Detective Syvock during his investigation;

ii. an installable copy of any other software used by Detective Syvock during his investigation to identify, access, or download any files belonging to Defendant or associated with the two IP addresses identified by Detective Syvock as being at issue in this prosecution.

iii. as to each type of software, any of the following documents in its possession, custody, or control (or in the possession, custody, or control of the law enforcement agencies involved in the investigation of Defendant): any documents or referencing software technical specifications, software developments and updates (including updates, upgrades, and bug fixes), and software use (including user manuals, documents regarding hardware requirements, and documents relating to troubleshooting).

c.   The government believes the Court's order will require the government to request information from the following entities: Newport Beach Police Department, Los Angeles Police Department, Orange County Sheriff's Department, Department of Homeland Security, Federal Bureau of Investigation, United States Secret Service, United States Postal Inspection Service, 94 United States Attorney's Offices, United States Department of Justice – Office of Justice Programs, United States Department of Justice – Office of Juvenile Justice and Delinquency Prevention, United States Department of Justice – Bureau of Justice Assistance, and United States Department of Justice – Criminal Division, Child Exploitation and Obscenity Section.  The Court's order will require the government to request documents and information stored in digital format, including email.

1 This will require a substantial amount of time.  For the non-federal
2 agencies, the government will need to confer with agency counsel in
3 order to determine whether they will agree to comply with the Court's
4 order without a subpoena.  At this time, the government believes some
5 of the software and documents are not in its possession and are held
6 by the Child Rescue Coalition, a private, not-for-profit
7 organization.
8      d.   After these materials are produced, counsel for defendant
9 represents that additional time is necessary to confer with
10 defendant, conduct and complete an independent investigation and
11 testing of the evidence, conduct and complete additional legal
12 research including for potential pre-trial motions, review the
13 discovery and potential evidence in the case, and prepare for trial
14 in the event that a pretrial resolution does not occur.  Defense
15 counsel represents that failure to grant the continuance would deny
16 him reasonable time necessary for effective preparation, taking into
17 account the exercise of due diligence.
18      e.   On July 27, 2015, the government filed a motion in limine
19 to admit child pornography videos.  On September 18, 2015, defendant
20 filed a motion to suppress evidence, a motion to compel discovery,
21 and a motion to exclude evidence of other crimes, wrongs, or acts.
22 On October 8, 2015, defendant filed a motion to exclude expert
23 testimony.  On October 16, 2015, the Court granted, in part, the
24 government's motion to admit child pornography and granted without
25 prejudice defendant's motion to exclude other crimes, wrongs or acts.
26 On November 24, 2015, the Court granted, in part, the government's
27 motion to admit child pornography, granted, in part, and denied, in
28 part, defendant's motion to suppress evidence, granted defendant's

motion to compel discovery, and denied defendant's motion to exclude expert testimony.

  f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  g. The government does not object to the continuance.

  h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 24, 2015 to March 22, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  7. In addition, the parties agree that the time period of July 27, 2015 to November 24, 2015, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay

resulting from pretrial motions, from the filing of the motions through the prompt resolution of the motions.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 1, 2015          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Office

           /s/
ANNE C. GANNON
SANDY N. LEAL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Todd Christian Hartman's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2016 is an informed and voluntary one.

_____   December 1, 2015
CUAUHTEMOC ORTEGA
Deputy Federal Public Defender
Attorney for Defendant
Todd Christian Hartman

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2016.

_____   December _1_, 2015
TODD CHRISTIAN HARTMAN
Defendant