EILEEN M. DECKER
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
ANNE C. GANNON
Assistant United States Attorney
California State Bar No. 214198
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California  92701
     Telephone:  (714) 338-3548
     Facsimile:  (714) 338-3561
     Email: Anne.Gannon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>           Defendant. | SA CR 15-063(B)-JLS<br><br>JOINT REPORT RE: STATUS OF EFFORTS TO REACH STIPULATED PROTECTIVE ORDER IN RESPONSE TO THE COURT'S NOVEMBER 24, 2015 DISCOVERY ORDER; EXHIBITS |

Plaintiff, the United States of America, through its counsel of record Assistant United States Attorneys Anne C. Gannon and Sandy N. Leal, and defendant Todd Christian Hartman ("defendant"), by and through his counsel of record, Deputy Federal Public Defenders Cuauhtemoc Ortega and Andrea Jacobs, hereby submit a joint report setting forth their respective proposals for a protective order governing the software and documents ordered produced pursuant to the Court's November 24, 2015 order granting defendant's motion to compel discovery (docket #87.).  This joint report is being submitted

1

because the parties, after exchanging proposals and conferring, were unable to reach a stipulated protective order.

GOVERNMENT'S PROPOSAL

The government's proposed protective order is attached hereto as Exhibit A. This proposal seeks to balance the Court's finding that the software and documentation ordered to be produced are material to defendant's right to prepare his defense with the need to protect law enforcement investigative techniques and preserve an evidentiary record of what is being produced. There is a real and significant danger that if the details of how law enforcement identifies suspects are publicly disclosed that law enforcement's efforts to prevent the trafficking of child pornography, rescue children from ongoing abuse, and identify past and current victims to provide support and services will be hampered. In the past, individuals involved in the trafficking of child pornography have migrated away from certain file sharing programs or platforms upon learning of targeted law enforcement efforts. In addition, these individuals chat and share information about methods to evade law enforcement including anonymization and encryption. In other cases, such as *United States v. Crowe*, 11-CR-1690, (D. NM), courts have imposed more stringent conditions than the terms proposed by the government. *See* Exhibit B, Protective Order in *United State v. Crowe*, attached hereto.

One point of the parties' disagreement concerning the protective order is whether any demonstration or testing must occur within a government facility using government hardware. This requirement is necessary for several reasons including the need to preserve an evidentiary record of exactly what is being provided to the defense

in case the government's compliance or the results of the defense's testing becomes an issue. *See Brady v. Maryland*, 373 U.S. 83 (1963). In addition, allowing the government to retain control limits the danger of improper disclosure of the software or its capabilities. The government routinely provides defense attorneys and experts access to child pornography at government facilities using government hardware pursuant to the protections set forth at Title 18, United States Code, Section 3509(m) which prohibits the defense from possessing such material so long as the government makes the materials reasonably available. The government's proposal provides for safeguards of the defense's theory and tactics by prohibiting disclosure of the testing to the prosecution team unless authorized by the Court.

The government is still in the process of ascertaining which materials are in its possession and control and which materials may be in the legal or physical possession and control of the private entity that developed the tools, Child Rescue Coalition. This is why the government's seeks additional time, until January 8, 2016, to field a defense request for testing or a demonstration. As a result of the continuing acquisition of information related to compliance with the Court's order, the government seeks leave to request additions or modifications to any protective order entered by the Court.

DEFENDANT'S PROPOSAL

Defendant's proposed protective order is attached hereto as Exhibit C.

Defendant disagrees with certain of the government's proposed

1 protective order terms.

2 First, the government's proposed protective order appears to
3 limit to two the number of professionals defendant may retain to
4 examine the materials at issue. The government's proposed protective
5 order states that the defense may seek leave from the Court to
6 provide the materials to additional experts. The number of experts
7 needed by the defense counsel to prepare the defense is for defense
8 counsel to determine, not the government. It is unduly wasteful of
9 Court resources to require defense counsel to seek leave from the
10 Court to provide the materials to additional experts if counsel have
11 determined such experts are necessary to assist with the preparation
12 of the defense. Defendant's proposed protective order would require
13 any expert retained by defense counsel to agree in writing to be
14 bound by the terms of the protective order prior to receiving any
15 materials.

16 Second, the government's proposed protective order seeks to
17 compel the defense to conduct its examination of the materials at
18 issue at government offices with government equipment. The government
19 also seeks 72 hours of notice prior to permitting any such
20 examination to occur. But the Court ordered the government to
21 "produce an installable copy" of both Peer Spectre and Shareaza LE
22 for testing to be conducted by the defense expert "as she described
23 at the hearing." (Order Re Pretrial Motions, Docket No. 87, at 25
24 (emphasis added), citing October 27, 2015, Volume I Transcript, at 44
25 (wherein defense expert states that she "would set up machines in a
26 lab environment that had different types of operating systems" to

27
28

"determine if [the government software is] identifying files that were specifically not shared . . . ." )). It is clear that the Court ordered the government to produce the materials at issue to the defense so that the defense could test them under conditions established by the defense expert. The government's proposed protective order is inconsistent with the Court's Order and seeks to re-litigate the motion to compel.

Third, the government seeks to have all papers filed with the Court that disclose the materials sought to be protected, or which contain information derived from such materials, under seal. The defense's position is that this proposal is too broad. The defense's proposal is that if a party intends to file exhibits which are copies of the materials sought to be protected, or which are items containing such materials, the party must file an application with the Court to have the Court determine the appropriateness of an under seal filing. Factual analyses, legal briefing, or expert declarations or reports regarding the materials sought to be protected need not be filed under seal. These analyses, briefing, and declarations or reports will likely be discussed at public hearings and at a public jury trial. The defense's proposed protective order seeks to prevent circulation of the software itself and related documentation to persons who are not affiliated with or working on this case. The discussion of these materials with the Court, however, should be public.

Lastly, the defense's proposed protective order establishes a deadline by which the government must comply with its disclosure obligations pursuant to the Court's Order Re Pretrial Motions. The defense proposes a deadline of December 18, 2015. This date is

approximately 24 days from the filing of the Court's Order Re Pretrial Motions.

Dated: 12/8/15

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

	/s/ Anne C. Gannon
ANNE C. GANNON
SANDY N. LEAL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 12/8/15           /s/ with permission via email
CUAUHTEMOC ORTEGA
ANDREA JACOBS
Deputy Federal Public Defenders

Attorneys for Defendant
TODD CHRISTIAN HARTMAN

3