UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>      Defendant. | SA CR 15-00063(B)-JLS<br><br><u>PROTECTIVE ORDER</u> |

The Court has reviewed the Joint Report filed by the parties on December 8, 2015, as well as the parties' proposed orders. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court enters the following Protective Order.

IT IS HEREBY ORDERED that:

1. This Order concerns information produced and disclosed pursuant to the Court's November 24, 2015 Order, specifically, (1) the software used by Detective David Syvock during his investigation to identify, access or download any files belonging to Defendant or associated with the two Internet Protocol ("IP") addresses identified by Detective Syvock as being at issue (referred

1

to in this Order as "Protected Software") and (2) as to each type of Protected Software, any documents containing or referencing software technical specifications, software development and updates (including updates, upgrades, and bug fixes), and software use (including user manuals, documents regarding hardware requirements, and documents related to troubleshooting) (referred to in this Order as "Protected Software Documentation").

2. All discovery containing Protected Software, Protected Software Documentation or information derived from Protected Software to be produced by the government in this case is governed by the terms and conditions set forth in this Order.

3. The parties shall label or otherwise mark any future discovery containing Protected Software. Protected Software Documentation or information derived from Protected Software with the words "Contains Protected Software," "Contains Protected Software Documentation," or "Contains Information Derived from Protected Software," as appropriate.

4. The following protection measures apply to all Protected Software Documentation and information derived from Protected Software. Specifically:

(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

(i) keep all documents that disclose Protected Software Documentation or information derived from Protected Software in a secure place to which no person who does not have reason to know their contents has access; and

1        (ii) disclose documents described in clause (i) or the
2   information in them that concerns Protected Software Documentation or
3   information derived from Protected Software only to persons who, by
4   reason of their participation in the proceeding, have reason to know
5   such information.
6        (B) Subparagraph (A) applies to--
7        (i) all employees of the Government connected with the case,
8   including employees of the Department of Justice, any law enforcement
9   agency involved in the case, and any person hired by the Government
10  to provide assistance in the proceeding;
11       (ii) employees of the court;
12       (iii) the defendant and employees of the defendant, including
13  the attorney for the defendant and persons hired by the defendant or
14  the attorney for the defendant to provide assistance in the
15  proceeding ("the Defense Team"); and
16       (iv) members of the jury.
17       5.   To the extent either party seeks to file briefing with the
18  Court attaching as exhibits copies of, or items containing, Protected
19  Software or Protected Software Documentation, the party shall file
20  with the Court an application to file such exhibits under seal.  The
21  Court shall determine upon review of the application whether the
22  exhibits require under seal filing.  Except to the extent that such
23  filings reveal Protected Software, Protected Software Documentation,
24  or that reveal investigatory methods regarding the use of the
25  Protected Software, the parties need not file their factual analyses,
26  legal briefing, or any expert declarations or reports regarding
27  examination of the protected materials under seal.
28

6. This Order applies to all persons acting in the capacities set forth in 18 U.S.C. § 3509(d)(1)(B) and to any individual who is assisting defendant or his attorney in any way in connection with this case. All persons covered by this Order will keep any material containing Protected Software Documentation or information derived from Protected Software in a secure place to which no person who does not have reason to know the Protected Software Documentation or information derived from Protected Software has access, will disclose the Protected Software Documentation or information derived from Protected Software only to persons who, by reason of their participation in this case, have reason to know such information, and will file under seal all papers that disclose Protected Software Documentation or information derived from Protected Software.

7. The defense shall keep a list of anyone with access to Protected Software Documentation or information derived from Protected Software in this case at all times. If the Government believes there is cause to object to allowing any person identified by defense counsel to have access to the Protected Software, it may file an Ex Parte Application with the Court after meeting and conferring with defense counsel.

8. Defendant may review documents and other materials containing Protected Software Documentation or information derived from Protected Software only in the presence of defense counsel or a member of the legal defense team and under the direct supervision and control of defense counsel or a member of the legal defense team. Defendant may not keep in his possession any Protected Software Documentation or information derived from Protected Software, or any

copies of documents or other materials containing Protected Software Documentation or information derived from Protected Software, including any pleadings containing Protected Software Documentation or information derived from Protected Software that have been lodged or filed with the Court. Defendant must return all Protected Software Documentation or information derived from Protected Software, and any copies thereof, to defense counsel or a member of the legal defense team at the conclusion of each meeting. Defendant may not take the Protected Software Documentation or information derived from Protected Software, or any copies thereof, out of the room in which he has met with defense counsel or a member of the legal defense team. Defendant may not write down or memorialize the contents of any Protected Software Documentation, information derived from Protected Software or any copies thereof.

    9. Any testing or demonstration of Protected Software shall occur in a government office utilizing government hardware. The government hardware used for any testing will be preserved for the duration of the case and the results and methods of any defense testing will not be disclosed to the prosecution team unless authorized by the court.

    10. Any testing of Protected Software by the defense shall not involve the possession, uploading, downloading or transferring of child erotica, child pornography, obscenity, copyrighted material or other illegal material.

    11. Any request for a demonstration or testing of Protected Software must be made at least 72 hours before the proposed appointment. The government shall notify the Court if it is not able

to accommodate such requests by January 8, 2016.

12. A knowing violation of this Order is punishable by contempt of court.

13. Within fourteen (14) business days of the final disposition of the above-captioned matter -- by dismissal of the case, by entry of judgment by the Court, or by issuance of the mandate on any appeal taken by the defendant or the government -- defendant's counsel shall return all material containing Protected Software Documentation or information derived from Protected Software, and any copies thereof, to the United States Attorney's Office for the Central District of California.  However, defense counsel may retain after this fourteen-day period, in a locked filing room in the Office of the Federal Public Defender, any copies of documents containing Protected Software Documentation or information derived from Protected Software that also contain the work product of defense counsel.

14. The Defense Team may only use (a) Protected Software Documentation, (b) information derived from Protected Software, or (c) attorney work product, data, notes, reports or other materials prepared or used by a member of the Defense Team involving Protected Software Documentation or information derived from Protected Software to (a) prepare for a motion or trial in this case or (b) to present evidence, impeach a witness or refresh a witness's recollection in connection with a motion or at trial in this case (assuming such matters are otherwise permitted by applicable authority, such as the Federal Rules of Evidence).  The Defense Team may not use such information as background information, training materials or for any other purpose in any other criminal, civil, administrative or other

matter without permission of the government or court authorization.

**IT IS SO ORDERED.**

December 15, 2015

DATE                                HONORABLE JOSEPHINE L. STATON
                                    UNITED STATES DISTRICT JUDGE