HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
ANDREA JACOBS (Bar No. 236892)
(E-Mail: andrea_jacobs@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
TODD CHRISTIAN HARTMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TODD CHRISTIAN HARTMAN,<br><br>   Defendant. | Case No. SA CR 15-63-JLS<br><br>**OPPOSITION TO GOVERNMENT'S EX PARTE APPLICATION TO EXTEND TIME TO FILE A NOTICE OF APPEAL OF THE COURT'S RULING ON MOTION TO SUPPRESS EVIDENCE** |

Defendant Todd Christian Hartman, by and through his counsel of record, Deputy Federal Public Defender Andrea Jacobs, hereby opposes the government's *ex parte* application to extend time to file a notice of appeal of the Court's ruling on his motion to suppress evidence. This opposition is based upon the attached memorandum of points and authorities and the files and records of this case.

　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　HILARY POTASHNER
　　　　　　　　　　　　　Federal Public Defender

DATED: December 29, 2015    By  /s/ Andrea Jacobs
　　　　　　　　　　　　　ANDREA JACOBS
　　　　　　　　　　　　　Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 23, 2015, the government filed an *ex parte* application to extend the time allotted by Fed. R. App. P. 4(b) that gives the government 30 days to file a notice of appeal in the district court. Fed. R. App. P. 4(b). The government filed the *ex parte* application on the eve of its 30 day deadline, and sought an additional 30 days to file its notice, until January 22, 2016. Counsel for defendant Hartman informed the government that it opposed its *ex parte* application.

On December 23, 2015, this Court granted the government a brief extension of 7 days, to give Mr. Hartman time to properly oppose the government's application. The Court noted that the government, in its *ex parte* application, failed to explain "why it waited until the day before this deadline to file its Application." Court's 12/23/15 Order.

The government provides no valid reason for why it could not comply with Fed. R. App. P. 4(b), therefore, this Court should find that no excusable neglect or good cause exists to warrant an extension of time to file a notice of appeal beyond the additional 7 days the Court provided.

## II. ARGUMENT

Pursuant to Fed. R. App. 4(b), the government must file a notice of appeal within 30 days after the entry of the judgment or order being appealed. See Fed. R. App. P. 4(b)(1)(B)(i). Notably, this same rule gives the defendant half this time to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A) ("a defendant's notice of appeal must be filed in the district within 14 days."). A party may file a motion for an extension of time of this deadline "[u]pon a finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

2

Here, the government offers no explanation of excusable neglect or good cause for an extension of time to file a notice of appeal. In fact, it appears the motivation of the government in waiting until the eve of the notice of appeal filing deadline was to gain additional time to file a motion for reconsideration of the Court's Order on defendant's suppression motion. For once a notice of appeal is filed, the "district court loses jurisdiction over a case." United States v. Sadler, 480 F.3d 932, 941 (9th Cir. 2007). Thus, in order for the government to file, and this Court to consider, a Motion to Reconsider and/or Amend Court's November 24, 2015 Order, the government had to file for an extension of Rule 4(b)'s 30-day deadline. It is hardly a coincidence that one day after this Court granted a limited 7-day extension, the government filed its Motion for Reconsideration. See Dkt. 97.

Although the government failed to show excusable neglect or good cause for an extension of time, it appears the government is trying to excuse its tardiness in timely filing a notice of appeal based on internal approval requirements. See Dkt. 95 at 2 ("only the Solicitor General may '[d]etermin[e] whether and to what extent, appeals will be taken by the Government." "The Solicitor General makes the determination only after undersigned counsel completes their analysis of the case and the United States Attorney's Office for the Central District of California and the Appellate Section of the Criminal Division of the Department of Justice…consider whether the government should pursue an appeal."). The government did not, however, explain what attempts it made to timely file a notice of appeal and how internal protocol may have hindered this. The government's self-established internal processes should not be good cause to bypass the appellate rules of procedure. Presumably the Solicitor General and United States Attorney's Office are aware of the time constraints of Fed. R. of App. P. 4(b) and should plan to reach its decision within these time constraints, which are lengthier than the time period allotted a defendant. The government also had the option of filing a notice of appeal, and later withdrawing this notice if the Criminal Division of the Department of Justice decided the issue should not be appealed. Mr.

Hartman submits that because the government has not put forth any legitimate reason for excusable neglect or good cause, the Court must deny the government's *ex parte* application for an extension of time until January 22, 2016.

### III. CONCLUSION

For the foregoing reasons, defendant Hartman requests that this Court deny the government's *ex parte* application to extend the time to file a notice of appeal of the Court's Order on Mr. Hartman's motion to suppress evidence.